UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE B. WARREN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHAMPION ENTERPRISES, INC. )<br>and CHAMPION HOMES OF )<br>TENNESSEE, )<br>)<br>Defendants. ) | Case No. 4:04CV00580 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion for Summary Judgment, [#36]. Plaintiff has filed a response to the motion. For the reasons set forth below, Defendants' motion is granted.

### Facts and Background

Plaintiff originally filed this action on March 22, 2004 in the Circuit Court of Jefferson County, State of Missouri for personal injury after allegedly suffering a knee injury and other damages when she fell in a hole in the ground while attending a mobile home show presented by Defendant, Champion Homes of Tennessee. Plaintiff alleges an invitation to the show was sent by Champion Homes of Tennessee to her husband,

1

Ray Warren, at his place of employment, Brookside Homes, Inc., located in Jefferson County, Missouri. On September 20, 2001, Plaintiff attended the show with her husband, a mobile home dealer, which was held at the Paris Landing State Park in Henry County, Tennessee. Plaintiff further alleges that while attending the show, Champion was negligent in failing to mark or guard a hole in the ground which existed in the mobile home display area, thereby causing her to sustain a severe knee injury and subsequently suffer depression during recovery from knee surgery. As a result of her depression, Plaintiff attempted suicide in January, 2002. Plaintiff alleges to have a history of psychiatric treatment, that she was under the care of a psychiatrist prior to her injury, and is permanently disabled as a result of her psychiatric disorders. Plaintiff filed this action in the Missouri Circuit Court on March 22, 2004, approximately two and a half years after the alleged negligence of Defendants.

Defendants filed a Notice of Removal on May 11, 2004, timely removing the cause of action to this Court based upon diversity jurisdiction. On January 4, 2004, this Court granted Plaintiff's motion for joinder of Champion Home Builders Co. after it was revealed that Champion Home Builders Co. is a wholly-owned subsidiary of Defendant Champion Enterprises, Inc. and that Champion Homes of Tennessee is a fictitious name used by Champion Home Builders Co.

Defendants now claim they are entitled to summary judgement as a matter of law, because (1) Plaintiff's claims are time-barred by the Tennessee statute of limitations; (2) Plaintiff cannot show Defendants breached any duty of care; (3) Plaintiff cannot show her psychiatric damages were caused by her fall; and (4) Champion Enterprises, Inc. is not a proper party Defendant.

## **Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest upon his pleadings, but must

come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

## Discussion

**Statute of Limitations**

Defendants first contend that this action is time barred by the Tennessee Statute of Limitation, which, for personal injury actions, is one year. TENN. CODE ANN. § 28-3-104(a)(1) (2003). Under Missouri's borrowing statute, an action originates where and when it accrues. Thus, whenever a cause of action has been fully barred by the laws of the state in which it originated, that bar shall be a complete defense to any action brought in the State of Missouri. MO. REV. STAT. § 516.190. Section 516.190 requires the application of Tennessee's one-year statute of limitation to Plaintiff's claims, which accrued on September 20, 2001, when Plaintiff fell at the mobile home show and sustained her knee injury.

Tennessee's tolling statute, § 28-1-106, is taken along with the statute of limitations because of the "generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well." *Davis v. Liberty Mutual Ins. Co.,* 55 F.3d 1365, 1367 (8th Cir. 1995) (*citing Thompson v. Crawford,* 833 S.W.2d 868, 872 (Mo. 1992)). *Thompson* also requires

4

that when a statute of limitations is borrowed, "it is not wrenched bodily out of its own setting, but taken along with it are the correct decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation." *Id.* Consequently, Tennessee's case law interpreting the statute of limitations is "borrowed" as well.

Tennessee's tolling statute provides as follows:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of the limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

TENN. CODE ANN. § 28-1-106 (2003).

Plaintiff bears the burden of proving she was of unsound mind when the cause of action accrued. *Owen v. Summers,* 97 S.W.3d 114, 123 (Tenn. Ct. App. 2001) (*citing Smith v. Grumman-Olsen Corp.,* 913 F.Supp. 1077, 1084 (E.D. Tenn. 1995)). Thus, Plaintiff's disability must have existed at the time the cause of action accrued and, once the disability has been removed, the cause of action must be brought within three (3) years. *Id.* (*citing* § 28-1-106).

It is undisputed that Plaintiff fell and suffered a knee injury at Defendants' mobile home show on September 20, 2001 and that Plaintiff filed this cause of action on March

5

22, 2004, nearly two and a half years later. The parties dispute, however, whether Plaintiff suffered and/or continues to suffer, from an "unsound mind," which if she did, would effectively toll the Tennessee Statute of Limitations.

The Tennessee tolling statute, § 28-1-106, does not define "unsound mind," but Tennessee case law defines the term as being "incapable of attending to any business, or taking care of herself." *Crawford v. Beatty,* 108 S.W.3d 877, 880 (Tenn. Ct. App. 2003) (*citing Porter v. Porter,* 22 Tenn. (3 Hum.) 586, 589 (1842); *Doe v. Coffee County Bd. of Education,* 852 S.W.2d 899, 905 (Tenn. Ct. App. 1992)). The Tennessee Supreme Court has held that the statute would be tolled "only if a [plaintiff] shows that he is unable to manage his personal affairs or to understand his legal rights and liabilities." *Id.* (*citing State v. Nix,* 40 S.W.3d 459, 463 (Tenn. 2001)). Unsupported, conclusory, or general allegations of mental illness" would not be sufficient, but the facts could be proved by "family members . . . attorneys, or any other person who has knowledge of facts that demonstrate" the disabling condition. *Id.* (*citing Nix,* 40 S.W.3d at 464).

In this case, Plaintiff alleges she qualifies for the "disability exception" to the Tennessee one-year statute of limitation, because she has a history of psychiatric treatment and because she was and is permanently disabled as a result of certain psychiatric disorders. Plaintiff alleges this evidence along with her suicide attempt in January, 2002 is sufficient to show that Plaintiff has been of unsound mind and unable to manage her affairs without assistance for many years. As further evidence of her

unsound mind, Plaintiff offers the Report of Ricky S. Mofsen, D.O., her treating physician. Dr. Mofsen testified in his Report, and also in his deposition, that Plaintiff is of unsound mind and incapable of managing her business affairs and caring for herself.

While Plaintiff has alleged she has a history of psychiatric treatment, she has not alleged any facts which support her allegation that she is of "unsound mind" under Tennessee law. Plaintiff claims she was unable to manage her affairs and care for herself. Specifically, Plaintiff alleges she "does not drive an automobile, does not buy groceries, does not prepare meals, performs only minimal housework, does not balance her checkbook, does not pay bills, does not engage in any hobbies, and plays no active role in the management of her household." The failure to perform such activities, however, is insufficient to create a disputed question of fact on the issue of Plaintiff's unsound mind, as the term is used in the statute.[1] In fact, Plaintiff, her husband, and Dr. Mofsen have admitted to facts which support the conclusion that Plaintiff was capable of taking care of herself, attending to her own business, and understanding her own legal rights and responsibilities. Plaintiff cared for herself by bathing and grooming herself, dressing herself, and shopping for clothing by catalog. Plaintiff took her own medications as prescribed, and was able to give her own medical history. Plaintiff also performed minor housework, such as dusting and doing the laundry, and even arranged for the maid to come and clean her home.

---

[1] Plaintiff's alleged inabilities as listed above, could describe a number of individuals belonging to wealthy or upper-class societies, many of whom do not drive, do not buy groceries or prepare their own meals, do not perform housework, and do not balance their own checkbook.

7

The facts also show that Plaintiff was capable of attending to her own business. At the time of the incident, Plaintiff had a driver's license and drove a car. She took care of the family pets and ordered food for herself in restaurants. Plaintiff also kept track of her own doctor appointments and maintained her own money market account from which she made withdrawals.

Finally, the facts support the conclusion that Plaintiff was capable of understanding her legal rights and responsibilities. Dr. Mofsen testified that at the time of the incident in 2001 and through 2004, Plaintiff was capable of understanding the concepts of fault, liability, and blame. On the day Plaintiff suffered her knee injury, Plaintiff determined that she needed to return to her hotel room to rest, and that she should ice her knee. She also determined, along with her husband, that she needed medical assistance. Plaintiff signed medical forms while at the hospital, gave hospital staff her medical history, and a list of her prescriptions, and upon her release, Plaintiff signed hospital discharge forms. Two days later, Plaintiff determined that she needed further medical assistance, called her husband to take her to the hospital, and again signed an authorization for treatment and hospital discharge forms.

Plaintiff's general allegations that she was of unsound mind are conclusory and unsupported. The facts asserted are insufficient to create a disputed question of fact on the issue of Plaintiff's mental capacity, because there are no facts which show that she was deprived of her reasoning faculties or that she was incapable of understanding and acting with discretion in the ordinary affairs of her life. Plaintiff's assertions that she does not drive an automobile, does not buy groceries, does not prepare meals,

8

performs only minimal housework, does not balance her checkbook, does not pay bills, does not engage in any hobbies, and plays no active role in the management of her household do not constitute an "unsound mind" which would toll the statute of limitations. Furthermore, Plaintiff's allegations have not been proved by "family members . . . or any other person who has knowledge of facts." The assertions of Plaintiff's husband and Dr. Mofsen that Plaintiff is of unsound mind and unable to care for herself are also conclusory and usupported, because they do not "demonstrate the disabling condition" as required by Tennessee law. *Crawford,* 108 S.W.3d at 880 (*citing Nix,* 40 S.W.3d at 464).

Because Plaintiff filed this cause of action more than one-year after the incident in question, and Plaintiff's claims do not support her contention that she was of unsound mind at the time of the incident, Plaintiff is not entitled to an application of the Tennessee tolling statute. Plaintiff's cause of action is, therefore, time-barred by the Tennessee Statute of Limitations, and Defendants are entitled to summary judgment as a matter of law. The Court need not address Defendants' additional arguments in support of their motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Summary Judgment, [#36], is granted.

Dated this 13th day of October, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE